# UNITED STATES COURT OF APPEALS
# FOR THE FOURTH CIRCUIT

| | |
|---|---|
| APPALACHIAN VOICES, *et al.*,<br><br>*Petitioners*<br><br><br>v.<br><br>FEDERAL ENERGY REGULATORY COMMISSION,<br><br>*Respondent.*<br><br><br><br><br>ENTERGY OPERATING COMPANIES AND ENTERGY SERVICES, LLC, *et al.,*<br><br>*Intervenors* | No. 24-1650 (L)<br><br>(RM21-17-000)<br>(RM21-17-001)<br>(RM21-17-002)<br><br>(consolidated with Nos. 24-1756, 24-1758, 24-1760, 24-1770, 24-1785, 24-1792, 24-1804, 24-1857, 24-1862, 24-1867, 24-1876, 24-1885, 24-1887, 24-1979, 24-1991, 24-2162, 24-2163, 25-1073, 25-1080, 25-1197, 25-1349) |

## JOINT UNOPPOSED[1] MOTION TO ESTABLISH FORMAT AND SCHEDULE FOR BRIEFING

Pursuant to the Court's Order of May 6, 2025 requiring the parties to "file an agreed-to briefing schedule for the above-captioned appeals, and any forthcoming appeals so-consolidated, by July 1, 2025," the parties planning to submit briefs in

---

[1] While Respondent Federal Energy Regulatory Commission ("FERC" or "Commission") does not oppose this motion, it takes no position on Petitioners' and Intervenors' justification for the number of briefs and words they request.

the above-captioned proceeding jointly move to establish the following format and schedule for briefing. Mindful of the Court's preference for coordinated briefing proposals, this proposal reflects a compromise among numerous parties with divergent interests.

The consolidated petitions seek review of three orders of the Respondent FERC that are denominated Order Nos. 1920, 1920-A and 1920-B.[2] The orders establish extensive new rules of nationwide effect governing the planning and provision of electric transmission service, including how transmission providers must conduct long-term planning for regional transmission facilities, the entities entitled to build those regional transmission facilities determined through the required long-term planning, and how to allocate costs for long-term regional transmission facilities. The Commission's orders were preceded by an Advanced Notice of Proposed Rulemaking[3] and a Notice of Proposed Rulemaking.[4] The Commission's staff reported that the agency received approximately 26,850 pages

---

[2] *Building for the Future Through Electric Regional Transmission Planning & Cost Allocation*, Order No. 1920, Docket No. RM21-17-000, 187 FERC ¶ 61,068 (May 13, 2024); Order No. 1920-A, Docket No. RM21-17-001, 189 FERC ¶ 61,126 (Nov. 21, 2024); Order No. 1920-B, Docket No. RM21-17-002, 191 FERC ¶ 61,026 (Apr. 11, 2025).

[3] *Building for the Future Through Electric Regional Transmission Planning & Cost Allocation*, 176 FERC ¶ 61,024 (2021).

[4] *Building for the Future Through Electric Regional Transmission Planning & Cost Allocation*, 179 FERC ¶ 61,028 (2022).

of initial comments and appendices, 3,825 pages of reply comments and appendices, and 1,480 pages of supplemental comments and appendices—producing the largest record ever considered by the Commission.[5]   The agency proceedings included dozens of commenting parties and multiple requests for reconsideration of Commission orders that themselves extended over hundreds of pages.  There are now twenty-two consolidated petitions for review of various aspects of the orders.  Because of the nationwide impact of the Orders, these twenty-two petitions were filed in this and seven other circuits around the country before they were consolidated in this Court.

Petitioners include state utility regulatory commissions; owners, builders, and operators of electric transmission facilities; users of electric transmission services, and public interest organizations.  Over twenty parties have also intervened in support of the Commission as to aspects of the Orders with which they agree, including some parties that are also petitioners as to other aspects of the Orders.

Because of the importance of the issues, and because the rules have compliance deadlines that are set to begin in the middle of next year, there is a strong interest in having the matter briefed and argued in the Court's 2025-2026 term.  The

---

[5]   Staff Presentation at Commission Open Meeting (May 13, 2024), https://www.ferc.gov/news-events/news/staff-presentation-building-future-through-electric-regional-transmission-planning (accessed June 26, 2025).

parties have thus engaged in extensive discussions to provide a workable briefing schedule that they believe allows the Court to accomplish that goal. This includes identifying and grouping parties with similar interests in various aspects of the Orders under review to reduce the number of briefs filed and allow the briefing to be conducted efficiently.

The word limits and time frames proposed below are lengthier than in routine appeals, but are consistent with proposals that have been adopted in proceedings to review analogous Commission orders with nationwide reach that involve numerous parties and intervenors. *See, e.g., S. Car. Pub. Serv. Auth. v. FERC*, No. 12-1232, Document #1423741 (D.C. Cir. March 5, 2013)(adopting format allowing nine separate petitioner briefs totaling 48,300 words, a Commission brief of 47,700 words, and nine respondent-intervenor briefs totaling 31,525 words); *Am. Elec. Power Serv. Corp. v. FERC*, No. 03-1223, Document #1373203 (D.C Cir. May 10, 2012)(allowing three petitioner-side briefs totaling 45,000 words in a case that did not involve a nationwide agency rulemaking). *See also In Re: FCC 11-161*, No. 11-9900, Document #467 (10th Cir. July 12, 2012)(allowing fourteen petitioner-side briefs totaling over 100,000 words in review of agency order that applied nationally).

## JOINT BRIEFING PROPOSAL

After consultation, the parties propose the following briefing format and Schedule. The listing of the issues each group is expected to raise in its brief is not

intended to be binding, but to demonstrate that the parties have undertaken a serious effort to identify the issues likely to be raised and to establish briefing groups to minimize any duplication across briefs.

**Briefs of Petitioners/Petitioner-Intervenors**

The parties propose five separate briefs of standard length (up to 13,000 words each) for groupings of the twenty-two groups of Petitioners and the petitioner-intervenors. They are grouped as follows, and include each group's brief description of the issues it plans to cover:

1.   States and state commissions will argue several issues including: (1) the major-questions doctrine; (2) FERC exceeding its authority under the Federal Power Act; (3) FERC's usurpation of state authority; (4) violations of the Administrative Procedure Act ("APA"); and (5) how FERC's decision was unreasonable, arbitrary, and capricious.

2.   Transmission Owners in PJM Interconnection, L.L.C ("PJM"), the Midcontinent Independent System Operator ("MISO") and the Southwest Power Pool ("RTO Transmission Owners"), who are responsible for operating and maintaining reliable transmission service to over 100 million customers in an area covering half of the nation, challenging FERC's jurisdiction and authority under the Federal Power Act ("FPA") to (1) require a public utility to file another entity's rate proposal; (2) regulate public utility internal decision-making and governance; (3) require that public utilities explain why they did not adopt a request to change the cost allocation methodology; (4) give equal weight to states' proposed cost allocations; and (5) act to replace an existing cost allocation methodology under an FPA provision that requires a finding that existing rates are unjust and unreasonable without making a specific finding that they are. The PJM Transmission Owners are also challenging these requirements under the First Amendment to the U.S. Constitution, and the requirement that transmission owners disclose sensitive and proprietary information without adequate protection. The MISO Transmission Owners are also

challenging the requirement that a reevaluation of a proposed transmission project must take into account updated benefits and costs.

3.  Petitioners American Forest and Paper Association, Coalition of MISO Transmission Customers, Industrial Energy Consumers of America, and PJM Industrial Customer Coalition, National Rural Electric Cooperative Association, New England States Committee on Electricity Inc., Office of the Ohio Consumer's Counsel, and allied petitioner-intervenors, challenging: (1) FERC's finding that existing regional transmission planning and cost allocation requirements are unjust, unreasonable, and unduly discriminatory or preferential; (2) FERC's failure to include adequate cost-containment, cost-mitigation, and transparency measures; (3) FERC's change in regional transmission planning and cost allocation policy to shift certain generation interconnection-related costs to consumers; (4) FERC's failure to comply with the load-serving entity protections in section 217(b)(4) of the FPA, 16 U.S.C. § 824q(b)(4); and (5) FERC's exclusion of most electric cooperatives from participating with Relevant State Entities in transmission planning and cost allocation decisions. (Not every party will join every issue on this brief.)

4.  Advanced Energy United, Electricity Transmission Competition Coalition, and LS Power Grid, LLC, challenging the Orders' establishment of a "right-sizing preference" or right of first refusal for a right-sized replacement transmission facility. This group intends to challenge this aspect of FERC's Orders on several grounds, including that it exceeds FERC's jurisdiction and authority under the FPA, runs afoul of the Major Questions Doctrine, and violates the APA.

5.  Public Interest and Clean Energy Petitioners. A group of 13 separate petitioners who collectively filed 6 petitions for review of Order No. 1920, consisting of environmental advocacy groups, clean energy organizations, companies engaged in the development, ownership, or operation of renewable energy generation and electric transmission assets, and one state utility regulator (collectively, "Public Interest and Clean Energy Petitioners") proposes to file standard-length joint opening and reply briefs. While this group generally recognizes and supports FERC's authority to act in this area, they believe certain aspects of the Commission's decisions lacked record support or are otherwise arbitrary and capricious, including: (1) expanding the

required transmission planning cycle from three years to five years, (2) refusing to establish modeling and transparency requirements for scenario development, (3) excluding certain benefit metrics and other factors from mandatory consideration in the planning process, such as access to lower-cost generation and increased competition, including merchant high-voltage, direct current transmission facilities, and energy storage resources; and (4) continuing to apply a presumption of prudence to local planning. In this group's view, these issues collectively have immense practical significance, not only for these petitioners, but also for the millions of members of the organizational petitioners with an interest in this case, and, more generally, for all people affected by the nation's energy transition. The issues to be briefed implicate aspects of the transmission planning process that gave rise to a voluminous record and detailed technical analysis at the agency level. Public Interest and Clean Energy Petitioners have worked diligently to find common ground across their 6 respective petitions and to narrow the scope and number of issues they collectively raised in their petitions for rehearing to fit within a single set of standard-length joint briefs, while ensuring a full and fair presentation of this technical subject matter.[6]

**Brief for Respondent**

The parties propose that Respondent FERC be permitted to file a single brief of up to 53,000 words. The parties believe that this proposal is proportional to the number and length of Petitioner and Intervenor briefs proposed.

---

[6]    The discussion and justification for this brief is presented on behalf of the following petitioners: Appalachian Voices, Energy Alabama, North Carolina Sustainable Energy Association, Southern Alliance for Clean Energy, South Carolina Coastal Conservation League, Natural Resources Defense Council, Sierra Club, Environmental Defense Fund, Invenergy Solar Development North America LLC, Invenergy Thermal Development LLC, Invenergy Wind Development North America LLC, Invenergy Transmission LLC, and Arizona Corporation Commission. That group comprises this Court's cases 24-1650, 24-1748, 24-1756, 24-1765, 24-1876, and 24-1887. Other aligned petitioners or petitioner-intervenors may also join this brief.

**Respondent-Intervenor Briefs in Support of FERC**

Intervenors in support of Respondent propose to file four separate briefs in response to petitioners' opening briefs and in support of FERC's Orders. Respondent-Intervenors have agreed to lower the standard 13,000 word limit for each brief to reduce the overall length of the submissions. The overall length of 34,350 words follows the D.C. Circuit's Respondent-Intervenor model, and would be two-thirds of the length of four briefs of standard length under this Court's rules. Addressing the issues in these groups will allow the Respondent-Intervenors to use many fewer words than would be necessary in separate briefs for each party. These groups and word limits are as follows:

1. The Pennsylvania PUC, Michigan PSC, and National Association of Regulatory Utility Commissioners as to FERC's authority to impose on a public utility certain consultation requirements in connection with filings and to include states' preferred cost allocation method(s) and/or processes in filings. (**9100 words**).

2. RTO Transmission Owners as to the Commission's adoption of a federal right of first refusal with respect to right-sized replacement transmission facilities selected to address Long-Term Transmission Needs, its retention of construction work in progress payments, and its decision not to adopt other measures in excess of current requirements. (**9100 words**).

3. Public Interest, Public Power, Clean Energy, and Consumer Advocate Respondent-Intervenors [7] as to claims that transmission planning mandates

---

[7] Appalachian Voices, Energy Alabama, North Carolina Sustainable Energy Association, Southern Alliance for Clean Energy, South Carolina Coastal Conservation League, Natural Resources Defense Council, Environmental Defense

in the orders fall outside the Commission's jurisdiction, violate the Constitution, or otherwise exceed the Commission's statutory authority under the FPA, and defending the Commission's authority to require the evaluation of transmission facilities planned to be replaced in kind for "right-sizing" and its decision to implement cost-containment measures. Due to the number of parties and issues to be addressed, the proposal provides this group 2,500 words more than the 9,100 words provided for the briefs of the first two groups of Respondent-Intervenors under the D.C. Circuit's Respondent-Intervenor model, allocating roughly 9,100 words to defending the Commission's overall jurisdiction and statutory authority, and 2,500 words to the right-sizing and cost-containment issues. (**11,600 words**).

4. ITC Midwest, as to the expanded set of seven benefit metrics, the use of a 20-year planning horizon, three-year planning cycle and five-year scenario refresh, the use of three scenarios for each planning cycle, and the ex-ante cost allocation/state agreements process. (**4,550 words**).

**Reply Briefs**

Each of the five groups of petitioners filing opening briefs may file a reply brief of standard length.

**Joint Appendix and Final Briefs**

The parties propose that the Joint Appendix be filed with the court one week after the reply briefs are filed and served in electronic form to all parties, and that

---

Fund, Sierra Club, Maryland Office of People's Counsel, Transmission Access Policy Study Group, Large Public Power Council, Connecticut Municipal Electric Energy Cooperative, Massachusetts Municipal Wholesale Electric Company, New Hampshire Electric Cooperative, Vermont Public Power Supply Authority, American Energy Union, American Clean Power Association, and Solar Energy Industries Association.

final briefs by all parties incorporating citations to the Joint Appendix be submitted one week after the Joint Appendix is filed.

### BRIEFING SCHEDULE

As set out above, the following schedule is intended to give the parties the time to brief the many complex issues in this appeal and to complete that briefing in time for the case to be heard in the Court's 2025-2026 term, which currently provides for arguments through May 5-8, 2026.   Argument in this term is particularly important to some petitioners who are concerned that a longer schedule could prejudice their rights to obtain judicial review before compliance deadlines become effective and believe that compliance with a requirement found later to be unlawful would cause them immediate and irreparable harm.[8]

The parties ask that the Court set, in the briefing order if possible, a week within the term in which the case will be set for argument.

| | |
|---|---|
| Petitioner briefs: | August 29, 2025 |
| Respondent FERC Brief: | January 5, 2026 |
| Respondent-Intervenor Briefs: | February 4, 2026 |
| Reply briefs: | February 25, 2026 |
| Joint Appendix | March 4, 2026 |
| Final briefs: | March 11, 2026 |

---

[8]  If the Court finds it would need to shorten the schedule to allow for an argument in the 2025-2026 term, these petitioners request that the Court ask the parties for a revised schedule to accomplish this.

For the convenience of the Court, a form of order adopting this proposal is attached.

Respectfully submitted,

/s/ John Longstreth

John Longstreth
Donald A. Kaplan
Chimera T. Thompson
K&L Gates LLP
1601 K Street, N.W.
Washington, DC  20006
Phone:  (202) 778-9000
Fax:      (202) 778-9100
Email: john.longstreth@klgates.com
don.kaplan@klgates.com
chimera.thompson@klgates.com

Michelle Kallen
William M. Keyser
Steptoe LLP
1330 Connecticut Avenue, N.W.
Washington, DC 20036
Phone: (202) 429-8186
Fax:     (202) 429-3902
Email:  mkallen@steptoe.com
wkeyser@steptoe.com

*Counsel for PPL Electric Utilities
Corporation on behalf of all
Petitioners and Intervenors*

Dated:  July 1, 2025

**CERTIFICATE OF SERVICE**

I hereby certify that I have this 1st day of July, 2025, caused to be served

copies of the foregoing on each party though the Court's ecf system:


_____/s/ John Longstreth _____
John Longstreth